UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REBEKAH PARSONS,

Plaintiff,

v.

UKIAH VALLEY HOSPITAL, et al.,

Defendants.

Case No. 25-cv-04552-JD

**ORDER RE ARBITRATION**

This is a case filed by plaintiff Rebekah Parsons against her former employer, Ukiah Valley Hospital dba Adventist Health Ukiah Valley, and her former supervisor, Lucia Jara-Lopez. Dkt. No. 1. Parsons is hearing impaired, and she says that Adventist Health failed to reasonably accommodate her and "fired her for pretextual reasons." *Id*. Parsons alleges eight claims against Adventist Health, including under the Americans with Disabilities Act, 42 U.S.C. §§ 12111 et seq. *Id*. ¶¶ 53-101.

Adventist Health and Jara-Lopez (together, Adventist Health) ask to compel arbitration of Parsons' claims. Dkt. No. 16. This is based on an arbitration clause in the May 2018 version of its Employee Handbook, which was in effect when Parsons was hired in April 2019. *Id*. at 2; Herring Decl., Ex. B. Adventist Health presented Parsons' signed "Adventist Health Employee Handbook Acknowledgement," which expressly acknowledges that the Handbook contains a "binding Arbitration Agreement" and agrees to comply with it. *Id*., Ex. A. Adventist Health requests that the Court send this case to arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., because Parsons "entered into a valid agreement to arbitrate" and "all of plaintiff's claims against both defendants are within the scope of the agreement." Dkt. No. 16 at 9-11.

Parsons does not dispute that her claims are within the scope of the arbitration clause, but challenges the enforceability of the arbitration agreement on grounds of unconscionability. Dkt.

No. 15.  Both sides agree that the unconscionability analysis is governed by California law.  *Id*. at 2; Dkt. No. 16 at 9.

Parsons has established that the arbitration clause is not enforceable.  "Unconscionability has 'both a procedural and a substantive element,'" and both must be present in order for a clause to be unconscionable, though not necessarily to the same degree.  *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015), and citing *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000)).  Unconscionability is concerned "not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party," and an "evaluation of unconscionability is highly dependent on context."  *Id*. (cleaned up).  The unconscionability standard is "the same for arbitration and nonarbitration agreements."  *Id*. at 1024 (quoting *Sanchez*, 61 Cal. 4th at 912).

Procedural unconscionability is present here because the arbitration agreement is adhesive, *i.e.*, it is a standardized contract which was presented to Parsons with the choice to "adhere to the contract or reject it."  *Armendariz*, 24 Cal. 4th at 113 (quotations omitted).  In addition, as Adventist Health acknowledges, Parsons was expected as a newly-hired employee to "acknowledge the May 2018 Employee Handbook" as part of her onboarding process.  Dkt. No. 16, Herring Decl. ¶ 7.  Oppression and surprise are important factors in deciding procedural unconscionability, and those elements are "satisfied by a finding that the arbitration provision was presented on a take-it-or-leave-it basis and that it was oppressive due to an inequality of bargaining power that resulted in no real negotiation and an absence of meaningful choice."  *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670, 682 (9th Cir. 2024) (cleaned up).  That is the situation here.

"Substantive unconscionability examines the fairness of a contract's terms," and the "paramount consideration is mutuality."  *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1094 (9th Cir. 2024) (quotations and citations omitted).  "Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability."  *Id*. (quoting *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004)).

The required mutuality is entirely absent here.  The arbitration agreement provides that "*arbitrable disputes include any claim by an employee* that is made within the applicable statute of limitations and that arises out of, or is related to, the employee's employment with Adventist Health (AH)," and "*also may include any claim by AH against an employee* when made within the applicable statute of limitations and arises out of, or is related to, the employment relationship." Herring Decl., Ex. B at ECF p. 49 (emphasis added).  As this plain language indicates, arbitration is mandatory for the employee but optional for the employer. *See also id*. at ECF p. 52 ("AH is entitled to enforce this Arbitration Procedure, including the employee's agreement to arbitrate all claims").

This imbalance forecloses enforcement of the arbitration clause.  Unconscionable arbitration agreements include "an agreement requiring arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party." *Armendariz*, 24 Cal. 4th at 119.  Such an agreement may be enforced only if the employer has a "reasonable justification for the arrangement -- i.e., a justification grounded in something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum." *Id*. at 120; *see also Ronderos*, 114 F.4th at 1094 ("Not all one-sided terms are unconscionable, but the party seeking to enforce a one-sided term must provide 'at least some reasonable justification for such one-sidedness based on business realities.'") (quoting *Armendariz*, 24 Cal. 4th at 117; internal quotations omitted).

Adventist Health offered no such justification either in the agreement itself or in the record before the Court.  What remains is "an arbitration agreement imposed in an adhesive context" which "lacks basic fairness and mutuality" because it "requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence or series of transactions or occurrences." *Armendariz*, 24 Cal. 4th at 120.  The agreement "lacks mutuality" because it "requires the arbitration of employee -- but not employer -- claims arising out of a wrongful termination." *Id*.

This lack of mutuality permeates the parties' arbitration agreement and "there is no single provision" that the Court can "strike or restrict in order to remove the unconscionable taint from

United States District Court
Northern District of California

the agreement." *Id*. at 124-25.  Consequently, the parties' arbitration agreement is unconscionable and cannot be saved by severance or restriction.  *See id*.  The request to compel arbitration, Dkt. No. 16 is denied, and the parties are directed to file by March 25, 2026, a joint case management statement that complies with Civil Local Rule 16-9.  The Court will set a case management conference if needed and will otherwise issue a scheduling order.

**IT IS SO ORDERED.**

Dated:  March 4, 2026

_____
JAMES DONATO
United States District Judge

4